Mr. Gacho v. Butler Mr. Howard Good morning and may it please the court. My name is Nico Howard and I am a current student at Notre Dame Law School. Under the supervision of attorney Bob Palmer, I represent the appellant Robert Gacho. Gacho was deprived of his due process rights when he was convicted before a corrupt judge who accepted bribes in his and other criminal cases. At trial, Gacho's attorney labored under an impermissible conflict of interest when he chose to concurrently represent a family member of one of the victims in this trial. Obviously, the first issue we need to address is appellate jurisdiction rather than the merits. Indeed, even if we have appellate jurisdiction, we can't breach the merits of your claim. The district court has dismissed it for failure to exhaust. So let's talk about appellate jurisdiction. Moore v. Moat holds that there is none when a district judge dismisses for failure to exhaust. Doesn't that give you a problem? It does not, your honor. There are three reasons why this court does have appellate jurisdiction. The first is that this case is immediately distinguishable from Moore v. Moat and Dulles v. Chambers because in those cases, neither petitioner actually claimed that there was an inordinate or unjustifiable delay. Look, that just confuses the merits with appellate jurisdiction. If there is an inordinate delay by the state, then remedies have been exhausted. But we don't have a doctrine under which when we're going to reverse, there's appellate jurisdiction, and when we're not going to reverse, there isn't appellate jurisdiction. We need to satisfy ourselves about jurisdiction before reaching the merits. Absolutely, your honor. However, in sharing Plow v. Schwartz-Parma, this court explicitly held that there is no general rule that a dismissal without prejudice is a non-appealable order. We do have a doctrine that says that if the order was miscaptioned and the case is completely over, then it's possible to appeal. Your problem in this case is that the order was exactly what it said it was. It was a dismissal for failure to exhaust. It's not a miscaptioned dismissal on the merits. Your honor, you are correct. However, in effect, this dismissal without prejudice is conclusive because what the appellant is claiming in this case is that this inordinate and unjustifiable delay has deprived the state process of any efficacy. Yeah, that just gets us back to the merits. And if accepted, it would require the order to be overruled. Because everyone can say what we want is the federal litigation now rather than later. And the question is whether we can litigate now rather than later. Yes, you're correct. And if that's the question, Moore is wrong. Now, if you want to argue that Moore should be overruled, that's fine with me, but you're not trying to argue that. So what I'm actually trying to argue is within the ruling of Moore and Dulles v. Chambers that this dismissal without prejudice is analogous to the statute of limitations that this court faced in Dulles v. Chambers. Because this individual is not able to exhaust his state court remedies, circumstances exist which render these remedies ineffective to protect his constitutional liberties, this is, in effect, conclusive. Well, what effort has he made to speed up the state proceedings? So he filed his initial post-conviction petition in 1991. It was not until 2013 that he even received an evidentiary hearing. That delay is still ongoing. It's also the case that this is the fourth habeas petition that he has filed in federal courts. It's not an instance in which this — No, my question is what efforts has he made to accelerate the state court's consideration of this case? Has he asked for a mandamus, for example, from the state Supreme Court? Has he done anything in the state system to try to move things along? In 2007 there was a status hearing, Your Honor, if that's what you're referring to. What is he currently doing, if anything, to try to get this state proceeding completed? To my knowledge, he has just continued to file cases both at the state and the federal level, Your Honor. He has not filed anything for mandamus. Well, that doesn't sound very sensible, right? Couldn't he ask the state Supreme Court for mandamus? Yes, Your Honor, presumably he could. Well, shouldn't that be done before you turn to the federal court? In normal instances, yes, Your Honor. However, we're looking at close to a 25-year delay in the state court proceedings. This trial court has a demonstrated track record of excessive delay. That's why I suggested mandamus, right? So, I mean, doesn't exhaustion of remedies include exhaustion of opportunities to accelerate a proceeding? We get mandamus occasionally by the Supreme Court, right? Tell us to hurry up. Yes, Your Honor, you are correct. And given this extraordinary lapse of time in this case, you'd think the state Supreme Court would be responsive. It's embarrassing to the state to be so sluggish. Yes, Your Honor, it is. And we believe that these exceptional circumstances warrant exceptional remedies, which is why we are requesting respectfully that this court remand to the district court for an evidentiary hearing on whether the delay was justified, as we do have an inordinate delay at several stages of the proceedings, both at the trial and the appellate level. Now, it's a little odd to have a federal district court deciding whether a state court has been too sluggish. Would the state judge be subpoenaed to testify and questioned? Why are you so slow? No, Your Honor, I do not believe that this would be a sensible outcome. Well, then, what do you see as the proceeding in the district court? The proceeding in the district court is as follows. If this court finds that there is an inordinate delay and it does not find that the cause of that delay is clear, it can remand to the district court for a hearing on whether it was justified. The district court would look at what the cause of that delay was. In particular, I point to the years between 2001 and 2008 in which there was clearly an inordinate delay that the district court actually took note of when the state court conducted its 2007 hearing. There is also an ongoing delay that still exists at the appellate level. While the case was dismissed in October of 2013... But wouldn't you certainly want to give the state a last chance? Your Honor, we believe that the state... Couldn't you say to the court, well, you have to decide this case in a year or else we're going to consider you to have exhausted your state remedies and so on, right? So in this instance, that's actually not possible because even if the appellate court came out in one year, which is unlikely because the case hasn't even been fully briefed, we have every expectation that this case will be reversed again on appeal as the district court did not engage in further determination of fact on the conflict of interest or judicial compensatory bias claim. As a result, this case will go back down to the state trial level, and there we have a demonstrated track record of excessive delay. I see that my time has expired. If there are no further questions, I would like to conclude. For these reasons, we respectfully request that this court reverse the district court's finding. Thank you. Okay, thank you very much, Mr. Howard. Ms. Stotts? May it please the court, counsel? Rita Stotts from the Attorney General's Office for the Respondent. I have to set the record straight a little bit. This petitioner has been to this district judge three times claiming inordinate delay, and each time the district court took those claims seriously and found that it was not true. Well, what explains this extraordinary delay in the state courts? Petitioner didn't finalize his state court pleadings until 2008. Yes, I know, and that's a long time ago. Well, in the prior two cases that are not part of this appeal, when the district court dismissed in 2001 and 2008, it found both times that the petitioner himself was dragging his feet in state court. There's a Cook County docket sheet in the record that shows more than 90 continuances granted in state court either with the petitioner's acquiescence or at his request. So each time the district court found petitioner himself was causing the delay in state court than coming to federal court and claiming that it wasn't his fault. So why did the state court kick him out? The state court allowed petitioner to continue amending his pleading, and that was his choice. Aren't you embarrassed at the performance of your state court system? I don't think there's anything wrong with the state court allowing the petitioner to continue modifying his pleadings. Well, I think there is. What, indefinite litigation year after year after year? What's the point of that? Is that the way to run a judiciary? Whether it is or isn't doesn't matter here. It's petitioner's choice, and the only question is, is the state court remedy effective? What do you mean, petitioner's choice? You think a plaintiff can spin out a case for 100 years? I'm saying that if he chooses to do it... You do. That's what you think, right? If you don't think there are any deadlines. There should be, but the petitioner... Then why haven't there been deadlines in this case? The state courts have allowed the petitioner to take his time. Why have they done that? We don't know. We don't have the records before 2008, because they're not part of this appeal. Why have they done it for the last seven years? All I can speak to is what is in this particular appeal, which is 2008. Why have they... Aren't you curious about this ridiculous delay in your state court system? You ought to be able to explain to me why this is allowed to drag on. When the petition was finalized in 2008, the state moved to dismiss in 2009. The state trial court granted the motion to dismiss in 2009. Petitioner appealed. The appeal took a little bit of time. The appeal took three years, if I understand. What is the ordinary time to resolve an appeal in Illinois? I can't answer that. I don't know if this appeal took longer than normal. The appellate court affirmed in part and reversed and remanded in part in 2012, sent the case back to the state trial court. Well, your opponent says they're going to reverse again. It's possible. So this is going to go on forever, right? And you're totally indifferent to that. The delay has been caused by the petitioner. The delay cannot be caused unilaterally by a party. The court has to permit that delay. Whether it's a bad state practice isn't the question here. At some point, would you acknowledge that the state would simply lose its jurisdiction and the federal court would take over? No. You think you can continue reversing indefinite delays in the state trial court until this guy dies, right? Then it's all moot. Is that the strategy here? There's no reason to think that's the strategy. I can't think of any other reason for these delays. The petitioner can't bypass the state. Obviously, your courts figure this guy isn't going anywhere. He's a murderer. So why should we do anything? I don't think there's any reason to think that that's what's happening. I think what's happening is the state court is allowing the petitioner to take his time, and there may be strategic reasons for him to do this. This was a Judge Maloney case. Strategic reasons for the courts to do that? For a petitioner to try to do this. What is the strategic reason for the court? I'm not suggesting that. I'm just suggesting that if petitioner is doing this on purpose. Why does the court bow to the strategies of the petitioner? I'm not suggesting this is a good practice. I'm just suggesting that petitioner hasn't shown enough to evade the exhaustion requirement here. The district court found he was causing these delays. They made findings of fact, and petitioner hasn't challenged those here. Specifically, he said the state courts are actively evaluating the claims and that state proceedings are moving at a reasonable rate, and that's definitely true, at least now. The appeal is proceeding. Petitioner filed his opening brief in April. The state's brief is due within the week. According to the appellate court, the state has not requested any continuances in the appeal. There's no reason to assume that whatever happened in the past, that the proceedings are not moving along now. There's no reason to excuse exhaustion. What happens if this comes back to us in five years? Will you be making the same argument? I can't predict because any delay is going to turn on me. You're reserving the right to make the same argument. How old is this guy now? I think he's about 60. Pardon? 61, I think. Yeah, so he'll die before your court system is finished. He'll have to show ongoing delay caused by the state that's inordinate and not justified. If he can show that, even under this ruling— Well, your judiciary is the—that's part of the state, and that's the delay. Why does everything take so long? This petitioner— That litigants can delay litigation indefinitely. That judges don't have any authority to speed things up. That's not what I'm saying. The state courts could prevent the petitioner from dragging this out, but they haven't. And as long as he's the one dragging it out, he can't get around exhaustion for habeas purposes. Is it the case that the appeal is still in the briefing stages? That's right. Petitioner filed his opening brief April 20th, and the state's opening brief is due June 9th. They have not sought any extensions. So the case pended for a year and a half before he filed his opening brief? And I don't know the reasons for that. That's not part of the record. But it did seem that it took a while for him to file his brief. So the lengthy pendency of the appeal is the petitioner's fault? As far as we know. We don't have that in the record because this was— Well, presumably there are standard deadlines, default deadlines, to file briefs in the state court of appeals. Right. And he was not held to those, evidently. I believe he sought and was granted— Well, does he ask for more time? Or does he just ignore the deadlines and the state courts do nothing about that? I believe that he sought extensions of time to file his opening brief. And I should mention, if petitioner thought the state courts were doing something wrong, he does have a mandamus remedy, as the court asked about earlier. There's no deadline on mandamus. He could certainly ask for that remedy, and state court hasn't done it. And the reason for my question is he's stringing along the appeal, not the court. As far as we know, that seems to be the case. The state has not delayed in filing its opening brief at all. Well, what incentive does he have to delay? Two reasons. One, he could perhaps convince a federal court to find an ordinate delay and allow him to bypass the state court remedy. He'd evade 2254D and potentially get de novo review of his claims, which he may think is more favorable. That's an odd argument. That implies that he really wants to spend the extra time in jail. It sounds from his current presentation that what he wants is to be out. Right? He might have to be re-prosecuted, but as a practical matter, a re-prosecution at this time would be extraordinarily difficult. So is there an argument that he was delaying in the hope that critical witnesses would die in the interim? That's a possibility. No, no, no. It's a possibility. That's why I asked the question. Are you arguing that he was delaying for that reason? No, we don't have any argument about delaying. Have you looked at what's happened to the state of the evidence during this time, the state of the evidence that would be used in a re-prosecution? I don't know anything about the state of the evidence. I do know Petitioner is alleging some of his witnesses have died. If I could just move to the jurisdictional question. More against Moat, there is no appellate jurisdiction here where a district court dismisses for non-exhaustion without prejudice and specifically says the Petitioner can refile after the state proceedings conclude that's a non-prejudicial dismissal and the Petitioner really can come back after the state proceedings finish. It's not appealable under Moor. So the delay excuse for non-exhaustion is never reviewable then, effectively? In a case like this and a case like Moor, where the claims are pending before a state post-conviction court and the proceedings are moving along, it's not appealable. Well, that's a critical concession on your part, not moving along. Someone looking at this case might say, no, they're moving along, but they're moving along at such a snail's pace that it's as if they weren't moving along at all. If the district court got the exhaustion ruling wrong, then it would be appealable under the special circumstances exception. I'm totally perplexed. We don't have a doctrine under which if the district judge is wrong, then the order is appealable. If the district judge is right, then the order is not appealable. Although that's what you're now arguing. There are cases that say if a dismissal says it's, may I briefly, may I answer your question, Your Honor? You can always answer a judge's question. If an order says the dismissal is without prejudice, but that's wrong, it's really with prejudice, there's nothing the petitioner can do to exhaust, it would be appealable. Yes, but every exhaustion case is without prejudice in the sense that the litigant can come back later, and with prejudice in the sense that it means the litigant can't litigate in federal court now. That has been conclusively resolved. Now, if that sense of with prejudice is enough to allow an immediate appeal, then more has to be overruled. That's what I've asked your adversary about. But nobody seems to be arguing that more should be overruled. I don't get it. No. We'd ask that this court dismiss the appeal for lack of jurisdiction under Moore. If the court finds it has jurisdiction and declines to address the merits at this stage, it should affirm the district court's order dismissing for non-exhaustion. Failing that, the next option would be a return to the district court for further fact-finding. Thank you. Okay. Thank you, Ms. Dodge. Mr. Howard? Your Honors, there are only several points that I would like to make on rebuttal. The first is that if we accept the state's rule on jurisdiction, then non-exhaustion will never be reviewable on appeal. Going beyond that, the state pointed several times to the fact  Now, that is the case. However, the record does show that those continuances took place between 1991 and 2001. That still leaves almost a 15-year gap between 2001 and the currently pending appeal in which the petitioner has not filed for continuances. And the district court took note of this, as did the appellate court at the state level. The fact of the matter is we do not know the cause of the delays unequivocally between 2001 and 2015, which is why it's appropriate for this court to remand to the district court for an evidentiary hearing on what the cause of the delays were and whether those delays were justifiable. The state's claim that we do know the cause of the delay is simply erroneous. Going forward, we have an individual that has been deprived of a fundamental constitutional right for almost 25 years, and if this court declines jurisdiction, he will have no remedies at the state level, which means he will have no remedies for these constitutional deprivations at all. This is precisely what the habeas petition was crafted to prevent against. And in Dozie v. Cady, this court said that 17 months was sufficient to find an inordinate delay. We've had more than a 17-month delay in the appellate proceeding, and we believe that that delay will continue on. This is sufficient to find that there was an inordinate delay, and this necessitates a hearing on whether that delay was justifiable. Your Honor, there is no evidence that this has been a trial strategy on the part of my client. It's not moving at a reasonable rate, and for these reasons, we respectfully request that you reverse the district court's dismissal for failure to exhaust. Thank you very much, Your Honor. Okay, thank you very much, Mr. Howard and Ms. Stotz.